IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Shan J. Gilmore, )
    Plaintiff, )
)
v. ) 1:09cv133 (LO/TCB)
)
Harold Johnson and Lt. Sanders, )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Shan J. Gilmore, a Virginia inmate proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that defendant Johnson violated plaintiff's Eighth Amendment rights and that defendant Sanders violated plaintiff's Fourteenth Amendment due process rights. After four unsuccessful attempts to locate Johnson and issue service upon him, Johnson was dismissed from the case as a defendant by Order dated January 26, 2010. Thus, plaintiff's action proceeds only against defendant Sanders. Sanders filed a Motion to Dismiss with a supporting Memorandum and exhibit, and plaintiff filed a response to the Motion to Dismiss. For the reasons that follow, defendant's Motion to Dismiss, treated as a Motion for Summary Judgment,[1] will be granted.

### I.

Plaintiff alleges that she was sent to administrative segregation on June 27, 2008, where she remained for ten days. Compl. 5. On several occasions, plaintiff asked why she was being removed to segregation, but did not receive an answer until July 2, 2008, when she was informed by Sanders that she was segregated because of "accusations supposedly made by staff and

---

[1] Although Sanders originally filed his motion as a Motion to Dismiss, because defendant has attached an exhibit to his Memorandum, the Court must treat it as a Motion for Summary Judgment, as explained below.

inmates against me in regards to threatening bodily harm. Specifically, [Sanders] stated I said, 'I am going to kill the bitch that snitched.'" Id. On July 30, 2008, plaintiff received a written explanation from defendant Sanders explaining that she had been moved to segregation because of suspected sexual misconduct and threats made by plaintiff against others. Sanders's Mem. Supp. Mot. to Dismiss Ex. 1. Plaintiff states that she was not given an opportunity to defend the accusations against her and that she received only three showers, one and one-half hours of recreation time and phone use, and one hour to "clean" during the ten days. Compl. 5. As support for her claim, plaintiff attached several exhibits, including a handwritten transcription of Virginia Department of Corrections operating procedures. According to the transcription, a hearing is required before an inmate can be placed in administrative segregation. Id. at Ex. 4. As relief, plaintiff seeks an award of $500,000 in damages.

Sanders argues that his actions were protected by qualified immunity, and in the alternative, that plaintiff's due process rights were not violated because she was segregated for only ten days, she eventually received a full explanation for her segregation, and she lost no good time credits as a result. Sanders's Mem. Supp. Mot. to Dismiss 2-4. Sanders asserts that, given plaintiff's alleged threat, he acted reasonably under the circumstances in moving her to segregation. Id. at 5. Sanders also submitted an exhibit showing that plaintiff was given a full explanation for her segregation on July 30, 2008. Id. at Ex. 1.

## II.

As noted, Sanders has filed a Motion to Dismiss pursuant to 12(b)(6). However, he also has submitted an attachment to his motion. As provided in Rule 12(d) of the Federal Rules of Civil Procedure, if, on a motion under Rule 12(b)(6), "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). As a result, defendant's Motion to Dismiss

2

must be treated as a Motion for Summary Judgment, and the motion must be disposed of as provided in Rule 56.

On a motion for summary judgment, the Court must view the facts in the light most favorable to the party opposing the motion. Porter v. U.S. Alumoweld Co., 125 F.3d 243, 245 (4th Cir. 1997). Summary judgment is appropriate where there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A "genuine" issue of material fact is present "if the evidence is such that a reasonable jury could . . . return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "When a motion for summary judgment is properly made and supported . . ., an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Unsubstantiated, conclusory claims without evidentiary support are insufficient to satisfy a non-moving party's burden on summary judgment. Carter v. Ball, 33 F.3d 450, 461-62 (4th Cir. 1994); Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988). Moreover, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Anderson, 477 U.S. at 247-48) (internal quotation marks omitted). Accordingly, "when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Id.

## III.

The facts demonstrate that plaintiff did not suffer a constitutional deprivation of due process.[1] When a person is lawfully convicted and confined to jail, she loses a significant interest in her liberty for the period of that sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). In the context of administrative segregation, due process is only required when administrative segregation presents an atypical, significant deprivation far removed from the ordinary incidents of prison life. Sturkey v. Ozmint, No. 8:07-3296-MBS, 2008 WL 4507508, at *3 (D.S.C. Sept. 30, 2008) (citing Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418, (1995)); see also Beverati v. Smith, 120 F.3d 500, 504 (4th Cir.1997) (finding that six-month administrative confinement does not constitute a deprivation of that implicates due process). Moreover, a state's failure to abide by its own procedural regulations before imposing disciplinary segregation or another less favorable housing assignment presents no federal due process issue, Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990), and is, therefore, not actionable under § 1983.

Under these principles, the exhibits and plaintiff's allegations concerning her placement in administrative segregation clearly indicate that plaintiff's due process rights were not violated. Although plaintiff alleges in her complaint that she received only three showers, ninety minutes of recreation time, and one hour to "clean" during her ten days in segregation, Compl. 5, she has

---

[1] Plaintiff hints at an Eighth Amendment claim when she states that she was allowed limited opportunities to bathe and limited recreation time. To the extent that she intends to raise such a claim, the facts demonstrate that plaintiff's Eighth Amendment rights were not violated. To establish a claim of cruel and unusual punishment, plaintiff must allege and prove (1) an objectively serious deprivation of a basic human need, one causing serious physical or emotional injury and (2) that prison officials acted with deliberate indifference to plaintiff's needs. Farmer v. Brennan, 511 U.S. 825, 834 (1994); see Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (defining serious deprivation as evidence of a serious medical and emotional deterioration attributable to the challenged condition). The facts show neither serious injury nor deliberate indifference. As plaintiff's primary complaint rests on her perceived violations of her due process rights, not her Eighth Amendment rights, further discussion is unwarranted.

4

stated no facts suggesting that conditions in administrative segregation are substantially worse than those in the general jail population. As such, plaintiff has failed to allege facts to show that the conditions she endured are sufficiently "atypical" so as to create a federally-protected liberty interest in avoiding such placement. Cf. Beverati, 120 F.3d at 504. Moreover, defendant's exhibit provides a clear reason for plaintiff's segregation: Plaintiff had threatened others at the correctional facility. Sanders's Mem. Supp. Mot. to Dismiss Ex. 1. Exhibits submitted by plaintiff also reveal no due process violations. In her exhibits, plaintiff quotes Virginia Department of Corrections operating procedures, which require a hearing before an inmate can be segregated, to support her argument that her due process rights were violated. Compl. at Ex. 4. As noted above, however, plaintiff's allegations concerning the jail's failure to abide by its own procedural rules are not actionable in this § 1983 proceeding. Riccio, 907 F.2d at 1469. Thus, the complaint and exhibits show no violation of plaintiff's due process rights.

Defendant Sanders argues that he is entitled to qualified immunity because he acted as a reasonable officer should under the circumstances. As the defendant notes, the two-step qualified immunity test established in Saucier v. Katz, 533 U.S. 194, 200-01 (2001), requires first a determination that the defendant violated a constitutional right. If no constitutional right was violated, then no further analysis is necessary. Id. at 201. Here, as discussed above, it is clear that plaintiff's constitutional rights were not violated, and the Court need not proceed further in evaluating defendant's qualified immunity argument.

Accordingly, it is hereby

ORDERED that defendant Sanders's Motion to Dismiss, construed as a Motion for Summary Judgment (Docket # 17), be and is GRANTED.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to enter final judgment in favor of defendant Sanders, pursuant to Fed. R. Civ. P. 58, to close this civil action, and to send a copy of this Order and the Memorandum Opinion to plaintiff and to counsel of record for the defendant.

Entered this 17th day of March 2010.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge